IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NOS. WR-74,408-01; WR-74,408-02




EX PARTE ROBERT KEITH BROOKS, Applicant




ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. A-33,438-A & A-33,437-A 
                      IN THE 70TH DISTRICT COURT FROM ECTOR COUNTY




           Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was twice convicted of
aggravated assault and sentenced to thirty years’ imprisonment for each cause. 
            Applicant contends that he was denied his right to appeal because after counsel filed an
Anders brief and motion to withdraw, he was denied a copy of the reporter’s record from his trial to
review in order to file a pro se appellate brief. 
            Applicant has alleged facts that, if true, might entitle him to relief. Anders v. California, 386
U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). In these circumstances, additional facts are
needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial
court is the appropriate forum for findings of fact. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact as to whether Applicant was indigent at the time
he was attempting to obtain a copy of the reporter’s record from his trial. The trial court shall make
findings as to whether Applicant was given the opportunity to review his reporter’s record so that
he could prepare a pro se appellate brief. The trial court shall also make any other findings of fact
and conclusions of law that it deems relevant and appropriate to the disposition of Applicant’s claim
for habeas corpus relief.
            These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing
or deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 
Filed: September 15, 2010
Do not publish